UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIMITRI FRAZIER, ADONTE TURNER & TIFFANY TURNER** | * | **CIVIL ACTION # : 18-02340** |
| | * | **DIVISION:** _____ |
| **Plaintiffs,** | | |
| **ROBERT L. RUNNELS, WHITESTONE TRANSPORTATION, LLC & CANAL INSURANCE COMPANY** | * | **JUDGE:** **LEMELLE** |
| | * | **MAG. JUDGE:** **MEERVELD** |
| **Defendants,** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORIGINAL COMPLAINT**

NOW INTO COURT, by and through undersigned counsel, comes Dimitri Frazier, Adonte Turner and Tiffany Turner, made Petitioners herein; all persons of the full age of majority and residents of and domiciled in Orleans Parish, Louisiana, who allege and aver as follows:

**PARTIES**

The following parties, made Defendants in this lawsuit, are made liable unto your Petitioners, in an unspecified amount, together with legal interest thereon from the date of judicial demand for the following reasons:

1. ROBERT L. RUNNELS, and individual believed to be a resident of and domiciled in Covington County, State of Mississippi;

2. WHITESTONE TRANSPORTATION, L.L.C., a non-Louisiana company authorized to do business and in fact doing business in the State of Louisiana;

3. CANAL INSURANCE COMPANY, a foreign insurance company authorized to do and in fact doing business in the State of Louisiana.

## JURISDICTION AND VENUE

1. The Petitioners are all citizens of the State of Louisiana.

2. Defendant Robert R. Runnels is a citizen of the State of Mississippi.

3. Defendant Whitestone Transportation, L.L.C. is a limited liability company incorporated under the laws of the State of Mississippi with its principal place of business in the State of Mississippi.

4. Defendant Canal Insurance Company is a business corporation incorporated under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

5. The amount in controversy exceeds $75,000.00, excluding interest, costs and attorney's fees, pursuant to 28 U.S.C. § 1332.

6. Venue is properly in this Honorable Court as all actions giving rise to this *Original Complaint* occurred in the Parish of Orleans, State of Louisiana.

## FACTS

7. On or about November 13, 2017 your Petitioners Tiffany Turner (the properly restrained driver) Adonte Turner and Dimitri Frazier (the properly restrained passengers) were travelling in a 2010 Chevrolet Impala going eastbound in the center lane of traffic on Interstate 10 near the Paris Avenue Exit in New Orleans, Louisiana.  Suddenly and without warning, their vehicle was struck by a 2016 International Semi-Truck driven by the Defendant, Robert L. Runnels *(hereinafter referred to as Mr. Runnels)*. Mr. Runnels was also traveling eastbound in the center lane, then changed to the left lane and suddenly back to the center lane

causing the aforesaid collision. The New Orleans Police Department was called to the scene and Mr. Runnels was cited for failure to use reasonable vigilance in violation of Louisiana law.

8. As a result of the aforementioned collision, your Petitioners sustained severe and serious bodily injuries.

9. The specific acts of negligence on the part of the Defendant, Robert L. Runnels, whose negligence was the sole and proximate cause of this incident, include, but are not limited to, the following to-wit:

   a. Failure to maintain a proper lookout,

   b. Failure to use reasonable vigilance,

   c. Improper lane change,

   d. Careless/reckless operation of a motor vehicle; and,

   e. Any and all other acts of negligence and/or imprudence and/or lack of care which may be proven during the investigation and/or at the trial of this matter.

10. At all times pertinent thereto the vehicle being driven by Mr. Runnels was owned by Defendant Whitestone Transportation, L.L.C. and Mr. Runnels was acting within the course and scope of his employment for Defendant Whitestone Transportation, L.L.C. Therefore Whitestone Transportation, L.L.C. is vicariously liable for the damages suffered by your Petitioners.

11. Your Petitioners further allege that Defendant Whitestone Transportation, L.L.C. was negligent in the following respects:

    a. Negligent entrustment of their vehicle to Mr. Runnels,

    b. Failure to properly train their employees; and,

    c. Any and all other acts of negligence and/or imprudence and/or lack of care, which

may be proved during the investigation and/or at the trial of this matter.

12. Petitioners further allege on information and belief that the vehicle being driven by Mr. Runnels and owned by Whitestone Transportation, LLC at the time of this accident was covered by an insurance policy issued by Canal Insurance Company.

13. Petitioners further allege on information and belief that the policy issued to Whitestone Transportation, L.L.C (bearing policy # PIA08464502) was then in full force and effect by virtue of the payment of premiums and otherwise at the time of the incident described herein.

14. Petitioners further allege on information and belief that under the terms of said policy, Canal Insurance Company obligated itself to pay any and all damages caused to others as a result of the negligence of Mr. Runnels and/or Whitestone Transportation, L.L.C.

15. Petitioners further allege on information and belief that Mr. Runnels, Whitestone Transportation, L.L.C. and Canal Insurance Company are therefore jointly, severally and in solido indebted unto your Petitioners for all damages as are reasonable under the premises, with legal interest therein from the date of judicial demand until paid, and for all costs of these proceedings.

## **DAMAGES**

16. As a result of the aforementioned incident, the Petitioners have suffered damages including but not limited to, pecuniary compensation, medical expenses, mental anguish, loss of enjoyment of life, physical pain and suffering and inconvenience.

17.     In addition to compensatory damages, the Petitioners claim interest at the maximum legal rate from November 13, 2017, or as allowed by law, on the damages they have suffered as a result of the accident made subject of this litigation prior to entry of judgment and subsequent to the entry of judgment.

## JURY DEMAND

The Petitioners respectfully request that a jury be convened to try the factual issues of this matter.

## PRAYER

**WHEREFORE**, Plaintiff's Dimitri Frazier, Adonte Tuner and Tiffany Turner demands judgment against Defendant Robert L. Runnels, Whitestone Transportation, L.L.C. and Canal Insurance Company as follows:

a. Awarding actual and exemplary damages to Plaintiffs in an amount in excess of $1,000,000.00 *One Million dollars*;

b. Awarding pre-judgment and post-judgment interest to Plaintiffs;

c. Awarding the cost and the expenses, including reasonable attorney's fees, of this litigation to the Plaintiffs; and

d. Granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted by:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/S/ Edwin M. Shorty, Jr.*
_____
EDWIN M. SHORTY, JR., LSBA # 28421 (Trial Counsel)
NATHAN M. CHIANTELLA, LSBA # 35450
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370

5

          Fax: (504) 207-0850
          Email: eshorty@eshortylawoffice.com
          Email: nchiantella@eshortylawoffice.com
          *Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that on this the 4th day of March 2018, a copy of the foregoing pleading was filed with the clerk of court using the CM/ECF system. Notice of this filing will be served upon all parties by operation of the Court's electronic filing system.

          */s/ Edwin M. Shorty, Jr.*
          EDWIN M. SHORTY, JR.