UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIMITRI FRAZIER, ET AL. | * | CIVIL ACTION NO. 18-2340 |
| | * | |
| | * | SECTION: "B"(1) |
| VERSUS | * | |
| | * | JUDGE IVAN L. R. LEMELLE |
| | * | |
| ROBERT L. RUNNELS, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| *********************************** | * | |

ORDER AND REASONS

Plaintiffs Dimitri Frazier, Tiffany Turner, and Adonte Turner complained that Defendants' proposed counterclaim contained insufficient factual allegations to support Defendants' bare bones claim that Plaintiffs had staged the car accident at issue in this case, intentionally caused the accident, or had not been injured. This Court ordered that Defendants refile their proposed counterclaim with additional factual allegations, and the Defendants did so. Now, Plaintiffs move to strike Defendants' Counterclaim under Federal Rule of Civil Procedure 12(f), arguing that it contains unverified, immaterial, impertinent, and scandalous allegations and that the allegations of fraud are not stated with particularity in accordance with Rule 9(b).   Because the allegations in the Counterclaim are material to the Defendants' claims and because Defendants' allegations of fraud are stated with particularity, the Motion to Strike (Rec. Doc. 17) is DENIED.  Oral argument set for September 26, 2018, is cancelled.

Background

This lawsuit arises out of a November 13, 2017, car accident.  Plaintiffs Dimitri Frazier, Tiffany Turner, and Adonte Turner allege that defendant Robert L. Runnels was driving a semi-truck within the course and scope of his employment for Whitestone Transportation, L.L.C. ("Whitestone") when he collided into the rear of Plaintiffs' vehicle. Plaintiffs claim they have

1

suffered severe and serious bodily injuries as a result of the collision. Plaintiffs allege that the New Orleans Police Department was called and that Runnels was issued a citation for failure to use reasonable vigilance. They assert that Runnels' negligence was the sole and proximate cause of the accident and that Whitestone is vicariously liable. They add that Whitestone is liable for its own negligence in entrusting their vehicle to Runnels and failing to train him properly. They have also sued Canal Insurance Company, which they believe to be the insurance company that issued the insurance policy covering the vehicle driven by Runnels.

Plaintiffs filed this lawsuit on March 4, 2018. Defendants answered on April 12, 2018. In June 2018, Defendants sought leave to file a counterclaim alleging that as a result of Plaintiffs misrepresenting and/or staging the accident and/or fabricating or exaggerating the injuries at issue in this lawsuit, Defendants have suffered damages, including attorney's fees and litigation expenses. Plaintiffs opposed the filing, complaining that Defendants had "not identified the information that 'implies' that no accident occurred in this instance." (Rec. Doc. 12, ¶2).  After oral argument on the motion for leave to file counterclaim, the Court denied Defendants leave to file the proposed Counterclaim, but granted them leave to file a revised Counterclaim providing factual allegations. (Rec. Doc. 14).

Defendants filed their revised Counterclaim. They allege that Runnels did not experience any type of impact consistent with a motor vehicle accident and that the data system on board the 18-wheeler did not document any type of impact. They allege that there was no damage to the 18-wheeler, although there was significant damage to the Plaintiffs' vehicle, which Plaintiffs attribute to the accident alleged in their Complaint. Defendants allege that they have discovered over 30 other accidents with similar factual scenarios to the present accident, where on Interstate-10 near New Orleans, an unknown third vehicle waives down an 18-wheeler driver that is unaware that

he/she was allegedly involved in an accident. Defendants submit that the alleged accident victims in these cases all retained the same attorney that Plaintiffs in this case originally retained. They allege that plaintiff Tiffany Turner's son, who is the brother of plaintiff Adonte Turner, was one of these plaintiffs who was allegedly involved in an accident with the same fact pattern as here, only about five miles down I-10 from, and about two weeks after, the accident here. Defendants allege that Tiffany Turner's former husband was also allegedly involved in an accident with the same fact pattern in the same area about four months prior to the accident alleged by Plaintiffs here.  Defendants allege that they uncovered comments on a photo posted to Tiffany Turner's Facebook page where an individual named Marlene Kennedy asserts that Tiffany and her kids have intentionally caused or faked accidents on the "blind side" of 18 wheelers. Defendants incorporate an image of the Facebook post. Defendants further allege that Tiffany Turner has a prior conviction of forgery and that she has filed questionable insurance claims in the past. Defendants assert that additional discovery will uncover further misrepresentations.

Plaintiffs now move to strike all or portions of Defendants' Counterclaim under Rule 12(f). They submit that the Defendants' allegations are prejudicial and immaterial. They complain that the Facebook post fails to identify the individuals in the post and that Defendants fail to attach affidavit testimony to support their allegations of fraud. They argue that the allegations against Tiffany Turner's husband and son are "random and irrelevant." They submit that Defendants' allegations are made with the intent to "smear and defame" Tiffany Turner. They insist that any evidence of Tiffany Turner's prior forgery conviction (which was revealed to Defendants by Plaintiffs' counsel) will be ordered inadmissible at trial. Plaintiffs also complain that Defendants' pleading fails to meet the heightened pleading standards for fraud under Rule 9(b).

Defendants oppose the Motion to Strike. They insist that the allegations in their Counterclaim form the basis of their claims against the Plaintiffs and are the antithesis of immaterial. They add that, at the very least, the allegations in the Counterclaim have a bearing on the likelihood that the Plaintiffs staged the accident at issue. As to the Facebook post, they point out that at her deposition, Tiffany Turner testified that she had posted the picture of herself and her cousin on her Facebook account. They add that the Facebook post is no longer on Facebook. They argue that this is not the stage in the proceedings to argue about the admissibility of evidence, such as Defendants' assertion that Tiffany Turner has been convicted of forgery. Finally, Defendants submit that a motion to strike is not the proper vehicle to assert a failure to meet the heightened pleading requirements for fraud under Rule 9(b), but that in any case, they have met the requirements of Rule 9(b).

<u>Law and Analysis</u>

1. *Standard on a Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." <u>Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.,</u> 306 F.2d 862, 868 (5th Cir. 1962) (quoting <u>Brown & Williamson Tobacco Corp. v. United States,</u> 201 F.2d 819, 822 (6th Cir. 1953)); see <u>Schlosser v. Metro. Prop. & Cas. Ins. Co.,</u> No. CIV.A. 12-1301, 2012 WL 3879529, at *1 (E.D. La. Sept. 6, 2012) (quoting <u>Bayou Fleet P'ship, LLC v. St. Charles Par.,</u> No. CIV.A. 10-1557, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011)) ("Immateriality is established by showing that the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'"). "[E]ven if pleadings are scandalous inasmuch

4

as they 'offend[ ] the sensibilities of the objecting party[,]' the Fifth Circuit has held that challenged allegations should not be stricken if they 'are directly relevant to the controversy at issue and are minimally supported in the record.'" <u>Stipe v. Tregre</u>, No. CIV.A. 15-2515, 2015 WL 5012375, at *5 (E.D. La. Aug. 19, 2015) (quoting <u>United States v. Coney</u>, 689 F.3d 365, 380 (5th Cir. 2012) (alterations in original). A motion to strike has been described as a "drastic remedy" and as "generally disfavored." <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982); <u>Augustus</u>, 306 F.2d at 868; <u>see</u> <u>Stipe</u>, 2015 WL 5012375, at *2.

   2. *Materiality of Allegations in Defendants' Counterclaim*

   Plaintiffs demanded that Defendants state the basis for their allegation that the Plaintiffs staged or caused the accident. Now that Defendants have laid out the factual basis for their position, the Plaintiffs demand the factual assertions be stricken. While Plaintiffs may dislike or deny the truth of the allegations in Defendants' counterclaim, they have failed to convince the Court that the allegations are immaterial to Defendants' claim. Whether Defendants have the evidence to support their allegations is not an issue before the Court at this time. Nor is this the time to consider admissibility of evidence. The Court must only determine whether the allegations in the Counterclaim bear on the Defendants' claims. The Court finds that they do. When combined, the series of purportedly suspicious facts alleged in Defendants' Counterclaim lend support to the inference that Plaintiffs staged or caused the accident alleged here. That is enough, at this stage, to survive a Motion to Strike. Because the allegations bear on Defendants' claims, Plaintiffs'

assertions that the material is scandalous or prejudicial are insufficient to result in the allegations being stricken from the Counterclaim.

    *3. Whether Defendants' Counterclaim Meets the Requirements of Rule 9(b)*

    Finally, the Court addresses the Plaintiffs' argument that Defendants' Counterclaim fails to meet the pleading standard of Rule 9(b).[1] Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.  "The particularity standard of Rule 9(b) generally requires the plaintiff to plead the time, place, and contents of the false representation and the identity of the person making the representation." United States v. Bollinger Shipyards, Inc., 775 F.3d 255, 260 (5th Cir. 2014). This standard "ensures the complaint 'provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to

---

[1] Defendants argue that Plaintiffs Rule 9(b) argument should not be decided on the present motion to strike. Indeed, the analysis of whether a pleading meets the requirements of Rule 9(b) is typically conducted in the context of a Rule 12(b)(6) motion to dismiss. Nonetheless, some courts have considered whether a pleading satisfies Rule 9(b) when determining whether to grant a motion to strike. E.g., Cabin Foods, LLC v. Rich Prod. Corp., No. EP-11-CV-318-KC, 2012 WL 433115, at *2 (W.D. Tex. Feb. 8, 2012) ("A motion to strike may also be granted when a defense that is subject to the heightened pleading standard of Rule 9(b) fails to meet Rule 9(b)'s requirements."); Bayer CropScience AG v. Dow AgroSciences LLC, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557, at *1-2 (D. Del. Dec. 30, 2011) (explaining that defenses may be stricken as insufficient as a matter of law or fact, or for failure to comply with Rule 9(b) if applicable). In any event, the Court agrees with Defendants that their counterclaim satisfies Rule 9(b), and therefore does not here decide whether a failure to do so could ever be a basis for striking an allegation.

discover unknown wrongs.'" <u>U.S. ex rel. Grubbs v. Kanneganti</u>, 565 F.3d 180, 190 (5th Cir. 2009) (quoting <u>Melder v. Morris</u>, 27 F.3d 1097, 1100 (5th Cir. 1994)).

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 338–39 (5th Cir. 2008). Fraud, as defined by Louisiana law, is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953; <u>Boutain v. Radiator Specialty Co.</u>, No. CIV.A. 11-1907, 2011 WL 6130754, at *2 (E.D. La. Dec. 8, 2011) (quoting La. Civ. Code. Art. 1953). The elements of a Louisiana fraud or intentional misrepresentation claim are: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury." <u>Guidry v. United States Tobacco</u>, 188 F.3d 619, 627 (5th Cir. 1999).

Here, Defendants have satisfied the requirements of Rule 9(b). The alleged misrepresentation is the assertion by Plaintiffs that they were injured in a motor vehicle accident on November 13, 2017. This assertion has been made by the Plaintiffs in their Complaint and they stand by that assertion to this day. In support of their position that Plaintiffs made these alleged misrepresentations with the intent to deceive, Defendants allege that similar accidents have been suffered by relatives of Tiffany Turner who were represented by the same attorney who pursued other, similar claims on behalf of other plaintiffs and that Tiffany Turner has previously made questionable insurance claims and has been convicted of forgery. This, they argue, supports an inference of fraud. And indeed, if Defendants are correct, the Plaintiffs have made the misrepresentations in their Complaint in an attempt to collect damages from the Defendants for an incident that did not occur or was staged. In being forced to defend Plaintiffs' purportedly false claims, Defendants allege they have suffered damages in the form of attorneys' fees.

This Court does not now consider whether Defendants will ultimately have the evidence to back up their claims or whether the circumstances alleged are sufficient to convince a jury of the alleged fraud. The purpose of Rule 9(b) is to ensure that the defending parties have fair notice of the claims against them. It was Plaintiffs' concern with this standard that resulted in this Court requiring Defendants to state the factual basis for their claim that the car accident here was staged or intentionally caused. The concern with fair notice has been satisfied by the allegations in Defendants' Counterclaim. Thus, the Court finds that allegations of fraud in Defendants' Counterclaim have been stated with particularity and that Rule 9(b) does not provide a basis for granting the Rule 12(f) Motion to Strike here.

<u>Conclusion</u>

Because the allegations in Defendants' Counterclaim are relevant to their claim that Plaintiffs staged or intentionally caused the accident at issue in this lawsuit and because Defendants' allegations of fraud are stated with particularity, Plaintiffs' Motion to Strike must be DENIED.

New Orleans, Louisiana, this 24th day of September, 2018.

Janis van Meerveld
United States Magistrate Judge