UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIMITRI FRAZIER, ET AL | * | CIVIL ACTION NO. 2:18-cv-2340 |
| | * | |
| VERSUS | * | JUDGE IVAN LEMELLE |
| | * | |
| ROBERT L. RUNNELS, ET AL | * | MAGISTRATE JUDGE |
| | * | JANIS VANMEERVALD |
| | * | |
| | * | **JURY TRIAL** |

* * * * * * * * * * * * * *

## SECOND SUPPLEMENTAL AND AMENDED COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, come defendants, CANAL INSURANCE COMPANY, ROBERT RUNNELS and WHITESTONE TRANSPORTATION, LLC, who file this Second Supplemental and Amended Counterclaim against plaintiffs, DIMITRI FRAZIER, ADONTE TURNER and TIFFANY TURNER, and aver:

1.

Made Defendants-in-Counterclaim are:

a.  Dimitri Frazier, a resident of and domiciled in the State of Louisiana.

b.  Adonte Turner, a resident of and domiciled in the State of Louisiana.

c.  Tiffany Turner, a resident of and domiciled in the State of Louisiana.

2.

Defendants-in-Counterclaim have asserted that they were injured in a motor vehicle accident on November 13, 2017, which occurred shortly before milepost 246 on Interstate 10 eastbound and was caused by Robert L. Runnels in his capacity as a truck driver for Whitestone Transportation, LLC when he changed lanes and his 18-wheeler side-swiped the vehicle occupied by defendants-in-counterclaim.

3.

Defendants-in-Counterclaim further allege that Robert L. Runnels did not stop his 18-wheeler and continued traveling on Interstate 10 until an unknown third vehicle waved him down and notified him that he was involved in a motor vehicle accident with Defendants-in-Counterclaim.

4.

Plaintiff-in-counterclaim, Robert L. Runnels, has testified and maintains that he did not experience any type of impact consistent with a motor vehicle accident, and the data system on board the 18-wheeler did not document any type of impact.

5.

Robert L. Runnels and Defendants-in-Counterclaim have each testified that they did not identify any type of property damage to Mr. Runnels' 18-wheeler. In contrast, there was significant damage to the vehicle occupied by Defendants-in-Counterclaim, which they relate to the alleged accident at issue.

6.

As a result of this accident, Defendants-in-Counterclaim allege that they suffered injury and have sought damages from Plaintiffs-in-Counterclaim.

7.

Defendants-in-counterclaim initially retained attorney, Vanessa Motta, to represent them. Ms. Motta sent a letter of representation three days after the alleged accident at issue, which indicated that her office was located at 525 Clay Street in Kenner, Louisiana.

8.

Through their investigation, Plaintiffs-in-Counterclaim have uncovered evidence of more

than 30 other accidents with similar factual scenarios to the alleged accident at issue. These similar questionable facts include alleged side-swipe accidents on Interstate 10 and/or 610 in the New Orleans area involving a commercial vehicle and a vehicle with multiple occupants. In many of the alleged accidents, the claimants' vehicle and/or an unknown third vehicle waves down the commercial driver that was unaware that he/she was allegedly involved in an accident and/or the claimants retain counsel whose offices are located at 525 Clay Street in Kenner, Louisiana.

9.

Richard Turner - the son of Tiffany Turner and brother of Adonte Turner - was also involved in an alleged accident at milepost 238 on Interstate 10 approximately two weeks after the accident at issue when the vehicle he was riding in with two other individuals was side-swiped by an 18-wheeler where the driver of the 18-wheeler was unaware that he was involved in an accident until he was waved down by an unknown third vehicle.

10.

Juan Matthews, who was married to Tiffany Turner at the time, was also involved in an alleged accident at milepost 239 on Interstate 10 on July 23, 2017 when the vehicle he was riding in with three other individuals was side-swiped by an 18-wheeler where the driver of the 18-wheeler was unaware that he was involved in an accident until he was waved down by an unknown third vehicle. Juan Matthews is currently represented by Vanessa Motta, Esq. in regards to this accident.

11.

Rashad Turner - the son of Tiffany Turner and brother of Adonte Turner and Richard Turner - was a passenger in a vehicle that was involved in an collision with the "blind side" of an

18-wheeler on Interstate 10 on November 20, 2017 where the police report indicated that there was no identifiable damage to the 18-wheeler.

12.

Plaintiffs-in-Counterclaim have also identified through Tiffany Turner's cell phone records that Raymond Riley is a known associate of Tiffany Turner. Raymond Riley was involved in an alleged accident on Interstate 610 on August 9, 2017, when the vehicle he was driving with one other individual was allegedly side-swiped by an 18-wheeler where the driver of the 18-wheeler was unaware that he was involved in an accident until he was waved down by an unknown third vehicle. Other individuals involved in that accident are currently represented by attorneys whose offices are located at 525 Clay Street in Kenner, Louisiana.

13.

Ryan Harris is also a known associate of Tiffany Turner. Mr. Harris was involved in an alleged accident with an 18-wheeler on Interstate 10 on March 29, 2017, when he was operating a rental vehicle with six passengers and the 18-wheeler allegedly changed lanes and impacted the front driver's side of his vehicle. The 18-wheeler driver was not aware of an accident until he was waved down by Mr. Harris, and the police report indicated that there was no identifiable damage to the 18-wheeler. Ryan Harris is currently represented by Vanessa Motta, Esq. in regards to that accident.

14.

Ryan Harris is also related to multiple individuals that have been involved in alleged accidents along Interstate 10 with 18-wheelers, including but not limited to, Shirley Harris, Darnell Harris, Selita Harris, Tara Blunt, Evelina Harris, Shirley Morgan, and Nyla Arnold. Many of these individuals are currently represented by attorneys whose offices are located at 525

Clay Street in Kenner, Louisiana.

15.

Dwayne Pierce is also a known associate of Tiffany Turner. Dwayne Pierce was involved in an alleged accident with an 18-wheeler on Interstate 10 on June 8, 2017 when the rental vehicle he was riding in with 13 other individuals was side-swiped by an 18-wheeler where the driver of the 18-wheeler was unaware that he was involved in an accident until he was waved down by an unknown third vehicle. Other individuals involved in that accident are currently represented by attorneys whose offices are located at 525 Clay Street in Kenner, Louisiana.

16.

Plaintiffs-in-Counterclaim have also uncovered comments made by an individual named Marlene Kennedy on a photograph posted by Tiffany Turner on her Facebook account where Ms. Kennedy alleges that Tiffany Turner and her kids have intentionally caused and/or faked accidents on the "blind side" of 18-wheelers, as shown below:



17.

Plaintiffs-in-Counterclaim have also uncovered evidence that defendant-in-counterclaim, Tiffany Turner, has a prior conviction for forgery and has filed questionable insurance claims in the past, which call into question her credibility and motives.

18.

Based on the above evidence, Plaintiffs-in-Counterclaim maintain that there was no accident or collision as alleged by the Defendants-in-Counterclaim, the accident or collision was intentionally caused by Defendants-in-Counterclaim, and/or that Defendants-in-Counterclaim suffered no injury in the alleged accident. The allegations of the Defendants-in-Counterclaim to the contrary are purposeful and willful misrepresentations in accordance with Louisiana Civil Code article 1953.

19.

Plaintiffs-in-Counterclaim believe that continued discovery will uncover additional evidence of misrepresentations by Defendants-in-Counterclaim.

20.

Defendants-in-Counterclaim were aware of other similar claims brought by or on behalf of their family members and associates involving disputed liability sideswipe type collisions with commercial vehicles. Defendants-in-Counterclaim conspired together to cause and/or stage this accident. On November 13, 2017, they did in fact cause and/or stage this accident. They are now all presenting fraudulent claims arising out of the subject incident. Louisiana Civil Code Article 2324 provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." The actionable element of a civil conspiracy is the underlying intentional tort committed pursuant to an agreement between the wrongdoers. *Able v. Sec. and Patrol, LLC. v. State of Louisiana*, 569 F. Supp. 2d 617, 636 (E.D. La. 2008). Under Louisiana law, "fraud is a misrepresentation or suppression of the truth made with the intention" of causing a loss or gaining an unjust advantage. La C.C. art. 1953. Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957.

21.

As a result of the acts of the Defendants-in-Counterclaim in misrepresenting and/or staging the accident and/or injuries at issue in this matter and presenting claims for same, Plaintiffs-in-Counterclaim have suffered damages to be shown at the trial of this matter, including but not limited to, attorney's fees and litigation expenses in association with the investigation and defense of this action. Furthermore, an action such as this for alleged

fraudulent activity brought in tort under La. C.C. art 2315 entitles Plaintiffs-in-Counterclaim to recover non-pecuniary losses which are sought.

22.

The unlawful action of the Defendants-in-Counterclaim caused and/or contributed to these damages and are liable to the Plaintiffs-in-Counterclaim for all such damages proven at the trial of this matter.

**WHEREFORE**, plaintiffs-in-counterclaim, CANAL INSURANCE COMPANY, ROBERT RUNNELS and WHITESTONE TRANSPORTATION, LLC, pray that after all due proceedings are had, there be judgment in their favor and against Defendants-in-Counterclaim, jointly and in solido, in amounts determined to be reasonable in the premises, including attorney's fees, expert fees, legal interest from date of judicial demand until paid, and for all costs of these proceedings. Plaintiffs-in-Counterclaim further pray for all other full, general, and equitable relief appropriate under the premises and that this Honorable Court is competent to grant.

Respectfully submitted,

PERRIER & LACOSTE, L.L.C.

*/s/ Michael W. Robertson*

_____
**GUY D. PERRIER (#20323)**
**MICHAEL W. ROBERTSON (#31943)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8820
Direct: (504) 212-8832
Facsimile: (504) 212-7285
Email: mrobertson@perrierlacoste.com

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was this day forwarded to:

>Edwin M. Shorty, Jr., Esq.
>Edwin M. Shorty, Jr. & Associates
>650 Poydras St., Ste. 2515
>New Orleans, LA 70130

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, by email transmission, or via facsimile transmission.

New Orleans, Louisiana, this 27th day of November, 2018.

*/s/ Michael W. Robertson*
_____
**MICHAEL W. ROBERTSON**