UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIMITRI FRAZIER, ET AL. | * | CIVIL ACTION NO. 18-2340 |
| | * | |
| | * | SECTION: "B"(1) |
| VERSUS | * | |
| | * | JUDGE IVAN L. R. LEMELLE |
| ROBERT L. RUNNELS, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash Subpoena, Motion for Protective, and Motion for an Award of Attorneys' Fees filed by Motta Law, LLC. (Rec. Doc. 46). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Background

This lawsuit arises out of a November 13, 2017, car accident. Plaintiffs Dimitri Frazier, Tiffany Turner, and Adonte Turner allege that defendant Robert L. Runnels was driving a semi-truck within the course and scope of his employment for Whitestone Transportation, L.L.C. ("Whitestone") when he collided into the rear of Plaintiffs' vehicle. Plaintiffs claim they have suffered severe and serious bodily injuries as a result of the collision. Plaintiffs allege that the New Orleans Police Department was called and that Runnels was issued a citation for failure to use reasonable vigilance. They assert that Runnels' negligence was the sole and proximate cause of the accident and that Whitestone is vicariously liable. They add that Whitestone is liable for its own negligence in entrusting their vehicle to Runnels and failing to train him properly. They have also sued Canal Insurance Company, which they believe to be the insurance company that issued the insurance policy covering the vehicle driven by Runnels.

1

Plaintiffs filed this lawsuit on March 4, 2018. Defendants answered on April 12, 2018. Defendants have filed a Counterclaim, alleging that as a result of Plaintiffs misrepresenting and/or staging the accident and/or injuries at issue in this lawsuit, Defendants have suffered damages, including attorney's fees and litigation expenses. They allege that Runnels did not experience any type of impact consistent with a motor vehicle accident and that the data system on board the 18-wheeler did not document any type of impact. They allege that there was no damage to the 18-wheeler, although there was significant damage to the Plaintiffs' vehicle. They allege that they have discovered over 30 other accidents with similar factual scenarios to the present accident, where on a particular stretch of Interstate-10 near New Orleans, an unknown third vehicle waves down an 18-wheeler driver that is unaware that he/she was allegedly involved in an accident. Defendants submit that the alleged accident victims in these cases all retained the same attorney that Plaintiffs in this case originally retained—Vanessa Motta. Defendants allege that plaintiff Tiffany Turner's son, who is the brother of plaintiff Adonte Turner, was one of these plaintiffs who was allegedly involved in an accident with the same fact pattern as here, only about five miles down I-10 from, and about two weeks after, the accident here. Defendants allege that Tiffany Turner's former husband was also allegedly involved in an accident with the same fact pattern in the same area about four months prior to the accident alleged by Plaintiffs here. Defendants allege that they uncovered comments on a photo posted to Tiffany Turner's Facebook page where an individual named Marlene Kennedy asserts that Tiffany and her kids have intentionally caused or faked accidents on the "blind side" of 18 wheelers. Defendants incorporate an image of the Facebook post. Defendants further allege that Tiffany Turner has a prior conviction of forgery and that she has filed questionable insurance claims in the past. Defendants assert that additional discovery will uncover further misrepresentations.

On December 14, 2018, the Defendants served attorney Motta's law firm, Motta Law, LLC ("Motta Law") with a subpoena seeking three categories of documents. First, Defendants demand all documents showing that Motta Law represents any claimant involved in a motor vehicle accident with a commercial vehicle on Interstate 10 in New Orleans between the Franklin Avenue exit and the Little Woods exit from 2016 through the present. The second request seeks all documents indicating that Motta Law represents any of the claimants listed in an attached chart, which lists 77 alleged accidents. Both of these requests specifically include letters of representation that have been sent to third parties and pleadings filed with the court, and they both specifically exclude any confidential client communications. The third request seeks a complete list of all phone numbers and phone providers associated with or used by Motta Law and/or Ms. Motta.

Motta Law has filed the present motion to quash the subpoena. Motta Law also seeks a protective order, arguing that further harassment by Defendants should be prohibited. Motta Law also requests attorneys' fees for the filing of the motion. Defendants oppose.

<u>Law and Analysis</u>

1. *Standard for Quashing a Subpoena*

Under Rule 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3); see <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 817–18 (5th Cir. 2004). The moving party bears the burden of showing that compliance with the subpoena would be unduly burdensome. <u>Wiwa</u>, 392 F.3d at 818; <u>Informd, LLC v. DocRX, Inc.</u>, No. MC 16-83-JJB-EWD, 2016 WL 7478962, at *3 (M.D. La. Dec. 29, 2016). In assessing the undue burden, the Court considers "(1)

3

relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." Wiwa, 392 F.3d at 818. Where a non-party is subject to a subpoena, "the court may also consider the expense and inconvenience to the non-party." Wiwa, 392 F.3d at 818. The Court should also consider whether the requested information is available from any other source. Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377 (5th Cir. 2004) abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

In assessing the relevance of the information sought, the Court is guided by the scope of discovery announced by Federal Rule of Civil Procedure 26(b)(1). See Hahn v. Hunt, No. CV 15-2867, 2016 WL 1587405, at *1 (E.D. La. Apr. 20, 2016), aff'd, No. CV 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016) (quoting Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) ) (explaining that as with other discovery devices, a Rule 45 subpoena is "subject to the parameters established by Rule 26") Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC, 313 F.R.D. 39, 44–45 (N.D. Tex. 2015) (alteration in original) (quoting Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998)) (concluding that "[w]hen a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)"). Rule 26 provides that that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1).

2. *Standard for Issuance of a Protective Order*

Rule 26(c) provides that the Court "may, for good cause," protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order, including an order forbidding certain disclosure or discovery or forbidding inquiry into certain matters. 26(c)(1)(D).

3. *Louisiana Code of Evidence Article 508*

Motta Law argues that the subpoena should be quashed because Defendants have failed to comply with Louisiana Code of Evidence article 508, which requires a contradictory hearing before a subpoena or court order is issued to obtain information from a lawyer obtained during the representation of a client or former client. The rule requires:

> Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
> (2) The purpose of seeking the information is not to harass the attorney or his client.
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
> (4) There is no practicable alternative means of obtaining the information.

La. Code Evid. Ann. art. 508(A). In the context of the deposition of an attorney, federal courts in Louisiana have held that article 508 applies in diversity cases under Louisiana law. E.g., Util. Constructors, Inc v. Perez, No. CV 15-4675, 2016 WL 4429935, at *2 (E.D. La. Aug. 22, 2016); Keybank Nat. Ass'n v. Perkins Rowe Assocs., LLC, No. CIVA09-497-JJB-SCR, 2010 WL

1252328, at *3 (M.D. La. Mar. 24, 2010); see Alexander v. Cannon Cochran Mgmt. Servs., Inc., No. CV 09-4614, 2011 WL 13203102, at *2 (E.D. La. Mar. 31, 2011) (finding that Louisiana Code of Evidence article 508 and federal law provide similar protection before an attorney can be deposed).

Motta Law asks this Court to quash the subpoena solely because a contradictory hearing was not held prior to the issuance of the subpoena. But in the cases cited by Motta Law, the courts did not quash the subpoena for deposition solely on this basis and instead they considered whether the article 508 factors had been met. To the extent a contradictory hearing is required, the present motion practice and oral argument satisfies that requirement. The Court will consider the article 508 factors in addition to assessing undue burden under Federal Rule of Civil Procedure 45 using the Wiwa factors.

   4. *Subpoena to Motta Law*

At oral argument, Defendants agreed to limit their request. For the first request, rather than "all documents," they would be satisfied with letters of representation that were sent by Motta Law to third parties as claimants involved in a motor vehicle accident with a commercial vehicle on Interstate 10 in New Orleans between the Franklin Avenue exit and the Little Woods exit from 2016 through the present. They are primarily seeking the part of the letter the identifies the claimant, the date of the accident, and the name of the insured. Defendants further agreed to limit this request to files originated by Motta Law and files that Ms. Motta took with her from her previous law firm to Motta Law when she began her own practice in April 2017. For the second request, they would be satisfied with a stipulation by Ms. Motta as to which claimants on the list of 77 cases she had represented at any time. Defendants' counsel noted they would be seeking such a stipulation in all of the other side swipe cases where counsel represents a defendant and are

asserting a fraud claim. The third request remains as written and seeks a complete list of all phone numbers and phone providers associated with or used by Motta Law and/or Ms. Motta. Defendants indicated that they do not intend to seek the phone records of Motta Law and/or Ms. Motta. They seek confirmation from Ms. Motta of her phone numbers because they are obtaining phone records from the plaintiffs and want to know when the plaintiffs contacted counsel in comparison to the date of the alleged accident and their doctor's visits. Ms. Motta confirmed at oral argument that she uses her personal cell phone to conduct legal work.

    *a. Privilege*

The primary requirement imposed by Louisiana Code of Evidence article 508 is that the attorney not be required to produce privileged information. Motta Law argues that the identity of her clients is privileged to the extent that revealing the identities would reveal the basis for her representation of them. <u>See</u> La. Code Evid. Ann. art. 506 (C)(6).[1] Defendants argue that they do not seek privileged information because they are merely seeking letters of representation that were sent to third parties, which would not be privileged communications. In reply, Motta Law argues that Louisiana Rule of Professional Conduct 1.6 requires that she not reveal information relating to the presentation of client unless the client gives informed consent. At oral argument, Defendants pointed out that one of the exceptions to this rule is when the attorney is complying with a court order.

The court finds that Defendants are not seeking any privileged information. They are requesting letters of representation of clients in accidents similar to the one here to the extent such

---

[1] Under the cited article, the identity of a client is not privileged "unless disclosure of the identity by the lawyer or his representative would reveal either the reason for which legal services were sought or a communication which is otherwise privileged under this Article." La. Code Evid. Ann. art. 506 (C)(6).

7

letters were shared with third parties. Because they were shared, they are not protected by the attorney-client privilege. Accordingly, privilege is not a basis for quashing this subpoena.

   b. *Relevance and Importance*

The court now considers the first two factors under Wiwa, the relevance of the requested materials and the need of the party for the documents. At the same time, the court considers whether, under Louisiana Code of Evidence article 508, the information is essential and not merely speculative, peripheral, or cumulative.

Defendants argue that, as alleged in their counterclaim, there are similarities between the accident in this case and others involving relatives and associates of the plaintiffs. One of those similarities is that the plaintiffs in those claims retained an attorney at 525 Clay Street in Kenner, with one of those attorneys being Ms. Motta who used to have an office at that address and still has files stored there. Defendants insist they are not accusing Ms. Motta of fraud, but say they are seeking confirmation that Motta Law represented the claimants on the list, confirmation of her phone numbers in use during the period, and identification of other similar accidents and claimants which are currently unknown to the defendants. They say they need this evidence of common facts.

Motta Law argues that this information is irrelevant. Ms. Motta argues that she represents many clients who have been injured in 18-wheeler accidents because she has engaged in extensive advertising for such claims. She adds that there were over 2,000 accidents on the referenced stretch of I-10 in 2016-2018 and news outlets have reported on problems associated with traveling on I-10 in New Orleans East due to improper lighting. Motta Law notes that Defendants' counsel, Mr. Perrier, has been retained in virtually every case involving Motta Law but he has yet to show any evidence of fraud by Ms. Motta. Motta Law argues that Defendants merely speculate that her representation of clients with side swipe accidents on the same stretch of I-10 suggests any kind

of fraud or conspiracy. She argues that whether she represented the individuals on the Defendants' list or any other individuals with similar claims is irrelevant to Defendants' claims of fraud here. She notes that in another similar case, defendants' proposed counterclaim was dismissed by Judge Vance on a Rule 12(b)(6) motion. At oral argument, Defendants pointed out that this ruling is the subject of a motion for reconsideration.

As limited by Defendants' counsel at oral argument, the Court finds the requests are relevant, important to the case, and neither speculative nor cumulative. Ms. Motta's representation of the claimants on Defendants' list of similar accidents is a factor in their investigation of an alleged conspiracy between the plaintiffs. To the extent Ms. Motta has represented other claimants that fit the same pattern identified by the Defendants here, but the Defendants have not yet identified the case, her letters of representation are also relevant to Defendants' investigation of their fraud claim. As to the phone numbers, the court also finds that identification of the phone numbers is relevant because, as explained by Defendants at oral argument, they need confirmation of Ms. Motta's phone numbers to identify when plaintiffs contacted Ms. Motta relative to the time of their alleged accidents and their doctor's visits.

   *c. The Scope of the Request and Burden*

The Court next considers Wiwa factors 3 (breadth of request), 4 (time period covered), 5 (particularity with which the documents are described), and 6 (burden). At the same time, the court considers the Louisiana Code of Evidence article 508 factor regarding the particularity of the request.

Motta Law argues that the scope of the request is broad and unduly burdensome because it will require her to review all her case files over a three-year period to determine the mile marker where the accident occurred, which is not always obvious with a cursory review. Defendants say

9

their requests seek specific documents, they point out that they have identified the 77 cases for which they seek confirmation that Motta Law represented claimants, and they say they have offered to pay for the expense of copying. As noted, at oral argument, Defendants limited their request for "all documents" to letters of representation and agreed to accept a signed declaration or stipulation regarding representation of claimants on the list of 77 cases.

At oral argument, Ms. Motta reported that she had already gone through the list of 77 cases and determined which of the listed individuals she had represented. Accordingly, the Court finds minimal burden in producing a sworn declaration regarding such representation.

As to the review of files to identify those cases with the similarities identified by the Defendants and to pull the letter of representation in such case, Ms. Motta reported that it would take her a significant amount of time to go through all of her files, some of which are located at her former office, others are at her home, and still others are at her mother's home. She agreed that her paralegal possessed the skill to perform such a search, but she reported that she and her paralegal are very busy and would not have time to do so. She confirmed that Motta Law uses a client intake sheet that would likely reveal whether the claimant's accident was with a commercial vehicle and the general vicinity of the accident (although likely not the precise location). She was not sure how many files would have to be searched, but she estimated that she has about 150 active clients currently.

In light of the intake sheets and because the letter of representation is a single page form on Motta Law letterhead, the Court finds the burden in searching for the documents would not be excessive. Nonetheless, Motta Law is a non-party and the court finds that cost shifting would protect Motta Law from an undue burden. Defendants appropriately offer to pay copying costs. If they wish to obtain the requested discovery from Motta Law, who is not a party to this action, they

will also have to pay the reasonable cost for a staff person's time to search through the files for the letters of representation. Ms. Motta was asked at oral argument what a reasonable hourly rate would be for her paralegal's time, but she was unable to provide a figure.

Based upon the information obtained at oral argument, the Court finds the relevant files and documents should be able to be located within about five minutes per file. Ms. Motta advised that she has 150 active files. Assuming that she also has about 150 closed files, all searching and copying should be able to be accomplished within 25-30 hours. The court finds that $30 per hour is a reasonable rate in the community to compensate Motta Law's paralegal for searching and that a fee of 10 cents per page is appropriate compensation for copying.

   *d. Alternative Means of Obtaining the Information*

Motta Law argues that Defendants could obtain the requested information from other sources. For example, Motta Law argues that Defendants could obtain this information from the defendants in the listed cases. Motta Law submits that Defendants could obtain the police reports from the applicable police department. Motta Law notes that in other cases, Defendants' counsel has already retained an expert to compare accidents during certain time periods and they could do so here.

Defendants respond that it would be burdensome to go to all the different defendants in the listed cases, some of whom would not provide the information willingly. They add that some of the other defendants' attorneys may not have the early letters of representation. They submit that representation by Motta Law would not always be obvious from the docket. They note that here, for example, Motta Law represented the plaintiffs three days after the accident when Motta sent Defendants a letter of representation, but she withdrew about a month before the lawsuit was filed. They say this may have happened in other cases or the cases may have settled before suit was filed.

As such, there would be no public record of the representation. They reported at oral argument that they have been able to obtain the police reports for most of the accidents they have identified, but they cannot do so for the accidents they have not yet identified.

Because Defendants have agreed to a declaration rather than letters of representation for the 77 cases on their list, a search for letters of representation will only be required for cases that Defendants do not know about. It would not be possible for Defendants to seek the letters of representation from defendants in cases they do not know about. There is no feasible alternative means for Defendants to obtain the cases similar to the present where Motta Law represented a claimant.

   e. *Purpose of Request*

The second Louisiana Code of Evidence article 508 factor requires consideration of whether the subpoena was served simply to harass the attorney and the clients. The Court does not find evidence of an intent to harass Ms. Motta or her law firm here. Instead, as noted, the request seeks relevant information. Further, Defendants have been reasonable in modifying the scope of their request. Accordingly, the subpoena will not be quashed on this basis.

5. *Protective Order and Attorneys' Fees*

The court has found that Defendants' subpoena does not amount to harassment of Motta Law. Defendants counsel represented at oral argument that no further discovery from Motta Law is contemplated, except that counsel would seek the same stipulation or declaration regarding the list of 77 cases in other cases where they represent defendants asserting fraud claims.[2] The Court

---

[2] The list of 77 cases may grow larger after Motta Law produces its letters of representation.

does not find good cause for issuance of a protective order here. Further, Motta Law's request for attorneys' fees is denied.

## Conclusion

For the foregoing reasons, the Motion to Quash is GRANTED in part and DENIED in part. By February 22, 2019, Motta Law will respond to the subpoena, as modified herein: the first request is limited to letters of representation sent by Motta Law to a third party concerning any claimant involved in a motor vehicle accident with a commercial vehicle on Interstate 10 in New Orleans between the Franklin Avenue exit and the Little Woods exit from 2016 through the present for files originated by Motta Law or brought with Ms. Motta from her previous law firm when she opened Motta Law in April 2017; the second request will be satisfied by a sworn declaration signed by Ms. Motta under penalty of perjury in which she identifies which of the individuals listed on the list of 77 cases she has represented at any time; the third request remains answerable as written and includes all phone numbers Motta Law or Ms. Motta used to conduct business, whether on personal or business phones. Further, Defendants will pay Motta Law's reasonable expenses in responding the subpoena, as follows: $30 per hour for paralegal time and copying costs of $.10 per page. If the parties dispute the reasonableness of the expenses claimed, they may bring a motion to the undersigned for determination.

New Orleans, Louisiana, this 30th day of January, 2019.

_____
Janis van Meerveld
United States Magistrate Judge