**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIMITRI FRAZIER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2340** |
| **ROBERT L. RUNNELS, ET AL** | **SECTION "B"(1)** |

## ORDER AND REASONS

Defendants-in-counterclaim/plaintiffs Dmitri Frazier, Adonte Turner, and Tiffany Turner filed a motion to dismiss plaintiffs-in-counterclaim/defendants Robert Runnels, Canal Insurance Company and Whitestone Transportation, LLC's counterclaims against them. Rec. Doc. 23. Plaintiffs-in-counterclaim filed a response in opposition. Rec. Doc. 26.

For the reasons discussed below,

**IT IS ORDERED** that defendants-in-counterclaim's motion to dismiss is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action concerns a motor vehicle accident that occurred on November 13, 2017. Rec. Doc. 4. Plaintiffs alleged that defendant Robert Runnels was driving a semi within the course and scope of his employment for Whitestone Transportation, L.L.C when he suddenly switched lanes and caused a collision with plaintiffs' vehicle. Id. at 2-3. Plaintiffs allege that they sustained severe and serious bodily injuries because of the accident. Id. Furthermore, plaintiffs assert that Runnels' negligence was the

1

sole and proximate cause of the accident and that Whitestone is vicariously liable. Id.

Defendants/plaintiffs-in-counterclaim sought leave to file a counterclaim claiming that there was no accident as alleged by plaintiffs/defendants-in-counterclaim and that the accident was intentionally caused by defendants-in-counterclaim who suffered no injury. Rec. Doc. 11-2. The Magistrate Judge denied leave to file the proposed counterclaim but granted leave to file a revised counterclaim providing a factual basis for plaintiffs-in-counterclaim's allegations. Rec. Doc. 14. Plaintiffs-in-counterclaim filed an amended counterclaim, with additional facts in support of their allegations. Rec. Doc. 15. Defendants-in-counterclaim filed a motion to strike the amended counterclaim pursuant to Federal Rule of Civil Procedure 12(f) on the basis that it presented unverified and immaterial allegations and alleging that plaintiffs-in-counterclaim did not plead fraud with sufficient particularity as required by Rule 9(b). Rec. Doc. 17-1. In her order and reasons, the Magistrate Judge denied defendants-in-counterclaim's motion to strike, holding, in relevant part, that plaintiffs-in-counterclaim had met the requirements of pleading fraud under Rule 9(b) by stating their allegations with sufficient particularity, and therefore satisfied Rule 9(b)'s purpose of providing fair notice of the claims against them. Rec. Doc. 22 at 7-8.

Defendants-in-counterclaim filed the instant motion to dismiss the amended counterclaim pursuant to F.R.C.P. 12(b)(6) claiming plaintiffs-in-counterclaim did not satisfy the heightened pleading standard for fraud under Rule 9(b). Rec. Doc. 23-1. Plaintiffs-in-counterclaim filed a response in opposition asserting their allegations provide sufficient factual allegations to demonstrate a plausible claim for relief as required at the 12(b)(6) stage. Rec. Doc. 26 at 4. Additionally, leave was granted after judicial review to file a second supplemental and amended counterclaim providing additional factual allegations in support of the fraud claims. Rec. Doc. 37.

**LAW AND ANALYSIS**

Rule 9(b) states that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Thus, "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." U.*S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 ("Steury I") (5th Cir.2010) (citations and internal quotation marks omitted). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n. 8 (5th Cir.2009) (citation and internal quotation marks omitted). *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the context of this Rule 12(b)(6) motion, we must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs-in-counterclaim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When deciding whether a plaintiff has met their burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow*

*Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Fifth Circuit has noted that "the frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). The purpose of Rule 9(b) is to serve as "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *Id.*

In the present case, plaintiffs-in-counterclaim have provided a sufficient factual basis for their allegations to proceed past this screening stage. The amended counterclaim, and the second amended and supplemental counterclaim, lay out sufficient factual allegations, that if taken as true, make a plausible claim for relief. Plaintiffs-in-counterclaim have alleged the "the who, what, when, where, and how" of their claim. Their counterclaim identified Dmitri Frazier, Adonte Turner, and Tiffany Turner as the alleged perpetrators of the fraud occurring on November 13, 2017 on Interstate 10 eastbound shortly before milepost 246. Rec. Doc. 15 at 1. Plaintiffs-in-counterclaim allege that Robert Runnels has testified and maintains that he did not experience impact consistent with a motor vehicle accident and the data system

5

on the 18-wheeler did not document any impact, whereas there was significant damage to the vehicle occupied by defendants-in-counterclaim. Id. at 2. Furthermore, plaintiffs-in-counterclaim allege they have uncovered evidence of numerous other accidents with similar factual scenarios to the present case, all occurring on I-10 or 610 in New Orleans, in which an unknown third vehicle waves down an 18-wheeler driver who is unaware that he/she was allegedly involved in an accident. Id. at 3. The counterclaim also asserts that the same attorney as retained by defendants-in-counterclaim was retained in these similar accidents and the alleged victims include known associates and relatives of defendants-in-counterclaim. Rec. Doc. 37 at 4-5. Plaintiffs-in-counterclaim further allege that defendant-in-counterclaim has a prior conviction for forgery and has filed questionable insurance claims in the past. Id. at 6. Finally, the counterclaim provides a Facebook photograph of Ms. Turner on which an individual commented about defendants-in-counterclaim's alleged involvement in intentionally causing fraudulent accidents with 18-wheelers. Id. Taken together, these factual allegations, if true, put forth a plausible claim for relief. Additionally, these allegations are not conclusory allegations or legal conclusions, but rather particular factual allegations as required by Rule 9(b). Lastly, the Magistrate Judge found the allegations of fraud were stated with sufficient particularity to satisfy Rule 9(b). Rec. Doc. 22.

At this stage, it is not for the Court to determine the strength of plaintiff-in-counterclaim's allegations or whether they are likely to be true. Rather, the Court must only determine whether plaintiffs-in-counterclaim have pled factual allegations with sufficient particularity to present a facially plausible claim for relief. Defendants-in-counterclaim have fair notice of the claims against them. The requirements of Rule 9(b) pleading have been met.

New Orleans, Louisiana, this 21st day of February, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE