JS10(01:01)

**MINUTE ENTRY**
**LEMELLE, J.**
**February 21, 2019**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DMITRI FRAZIER, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                  **NO. 18-2340**

**ROBERT L. RUNNELS, ET AL.**                               **SECTION "B"(1)**

### TRIAL PREPARATION ORDER

On February 21, 2019, the pretrial conference was held with counsel for all parties participating. Discussion included the witnesses to be called, contemplated motions and other issues. Accordingly,

**IT IS ORDERED** that:

(1) The "Joint Pre-Trial Order" (Rec. Doc. 81) is hereby adopted by the Court to the extent it does not conflict with this Order.

(2) Any requests by the parties for in camera inspection must be provided, in writing, to the Court **no later than February 28, 2019**, with the basis and details for the inspection.

(3) The parties are reminded that expert witnesses may not testify to conclusions of law. If any attorney or expert witness makes a conclusion of law during direct or cross-examination, he or she may be subject to sanctions.

(4) To the extent possible, the parties are to confect stipulations for the purpose of eliminating duplicative testimony, the need for certain expert witnesses, and all resolvable issues as to the authentication of documents. The stipulations as to proposed testimony will apply to the substance of that testimony and not to its veracity. An original and one (1) copy of any stipulations should be submitted to Chambers **no later than Monday, March 11, 2019**.

(5) Proposed jury instructions, special jury interrogatories, and any special questions that the Court is asked to put to prospective jurors on *voir dire* shall be jointly submitted to the Court **no later than Monday, March 11, 2019**. The joint submissions shall first list those instructions, interrogatories, or questions to which the parties agree, followed by any instructions, interrogatories, or questions to which the parties cannot agree. If there are any instructions, interrogatories, or questions to which the parties cannot agree, the objecting party shall include a short statement explaining its objection.

(6) By **no later than Monday, March 11, 2019**, counsel for all parties are to prepare and submit to the Court two (2) copies of a Joint Bench Book, and one (1) additional copy in an electronic format, which shall contain:

(a)  An index of all exhibits listing and numbering all exhibits sequentially and noting specific objections thereto. All "un-objected to" exhibits are to be listed first, in a single volume, followed by the "objected to" exhibits, which may be presented in separate volumes. All un-objected to exhibits are to be listed and numbered sequentially. All objected-to exhibits shall follow with separate designations according to the party submitting the exhibit (e.g. P-1, D-1). A one- or two-word reason for the objection shall be provided. In a separate document to be submitted to the Court at the same time, the offering party must briefly respond to each objection in two to three sentences.

(b)  All exhibits are to be included in the Joint Bench Book and tabbed. Each individual exhibit exceeding five (5) pages in length shall be individually paginated. **The parties are to make every effort to eliminate non-relevant material from multiple-page exhibits.**

(c)  Each exhibit book shall be labeled on the outside with the name and telephone number of attorneys as well as the case and volume number.

(d)  **All Joint Bench Books shall be picked up by counsel no later than the first Friday after the completion of the trial**, unless this matter is taken under advisement, in which

3

case all Joint Bench Books shall be picked up by counsel the first Friday following entry of judgment.

(7) Any discovery that will be used as an exhibit must be specifically identified; for example, by specifying the exact interrogatory and corresponding answer. Likewise, other documents, such as portions of files, must be specifically identified.

(8) Any pre-trial memoranda shall be submitted in writing by **no later than Monday, March 11, 2019**. Counsel shall submit an original and one (1) copy of each to Chambers.

(9) If any video depositions are to be used at trial, the offering party must submit a copy of the transcript to this Court by **no later than Monday, March 11, 2019**. Additionally, any video deposition must be edited so as to delete all objections and colloquy of counsel, and there shall be no "dead" video or audio spots in the video deposition. If the parties cannot amicably resolve all of their objections, the offering party must submit a transcript of the deposition to this Court by **no later than Monday, March 11, 2019** with the disputed objections highlighted and the Court will promptly rule thereon so that the video deposition can be edited as described prior to trial. A copy of the "clean" video deposition shall be submitted prior to trial.

(10) Any transcribed deposition testimony to be used at trial shall be submitted **no later than Monday, March 11, 2019**. All objections and colloquy shall be deleted and all offered testimony

highlighted. In the absence of an agreement as to objections, counsel shall submit a copy of the deposition with the disputed objections highlighted and a brief statement specifying the objection and reason therefor **no later than Monday, March 11, 2019**, and the Court will promptly rule so that a copy of the "clean" deposition can be submitted prior to trial.

(11) Any remaining objections as to the admissibility of a document or the ability of a witness to testify based upon noncompliance with any deadline shall be raised by written motion filed **no later than Monday, March 11, 2019**, with oppositions thereto due **no later than Tuesday, March 12, 2019**. Counsel shall submit an original and one (1) copy of each to Chambers. Any objection to the admissibility of any exhibit which is not raised in the pretrial order or briefed by this deadline shall be deemed waived.

(12) If the parties wish to bring any electronic equipment into the court for use during trial, they shall submit a letter to the Court, by hand or fax, **no later than Monday, March 11, 2019**. Similarly, if the parties will need to use any Court equipment (e.g., elmo, easel) for displaying demonstratives or exhibits, they shall send a letter to the Court, by hand or fax, **no later than Monday, March 11, 2019**, so that Court personnel can determine if the equipment is available and make the necessary reservations. The parties shall contact the case manager, Kim County, at (504)

589-7682 **no later than Monday, March 11, 2019,** to schedule a time to test the equipment.

(13) The **jury trial**, expected to last **three to five (3-5) days**, shall commence before the undersigned District Judge on **Monday, March 18, 2019 at 8:30 a.m.** However, if other matters on the Court's calendar ultimately conflict with this start date, the parties should be prepared to begin trial any time that week. In the event of such a conflict, the Court will notify the parties as soon as is practicable to set a new trial date. The parties are also warned that, due to constraints on the Court's time, they should be prepared to continue trial late into the evening if necessary.

(14) The parties are warned that they, their witnesses, and any other persons needing to participate in the trial **must have photo identification to enter the Courthouse**. If a person is prevented from entering the building because of improper identification, he or she is not relieved of his or her obligations under a valid subpoena or other order of this Court to appear.

(15) If a settlement is reached, the parties shall notify the Court as soon as possible. Failure to timely notify the Court may lead to the imposition of jury costs against the responsible party

or parties.

New Orleans, Louisiana, this 21st day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE