UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIMITRI FRAZIER, ET AL | * | CIVIL ACTION NO. 2:18-cv-2340 |
| | * | |
| VERSUS | * | JUDGE IVAN LEMELLE |
| | * | |
| ROBERT L. RUNNELS, ET AL | * | MAGISTRATE JUDGE |
| | * | JANIS VANMEERVELD |
| | * | |
| | * | **JURY TRIAL** |

* * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO STAY PROCEEDINGS**

MAY IT PLEASE THE COURT:

Defendants, Canal Insurance Company, Robert Runnels, and Whitestone Transportation, LLC, submit this memorandum in opposition to the *Motion To Stay Civil Proceedings Until Disposition of Related Criminal Investigation* filed by Plaintiffs, Dimitri Frazier, Adonte Turner, and Tiffany Turner. For the reasons more fully explained herein, Plaintiffs' Motion to Stay should be denied.

As the Court is well aware, this lawsuit arises out of an alleged November 13, 2017 accident in Orleans Parish between an 18 wheel tractor-trailer owned by Whitestone Transportation, LLC and being operated by Robert Runnels, and a 2010 Chevrolet Impala, owned by Dimitri Frazier, and being operated by Tiffany Turner with guest passengers Dimitri Frazier and Adonte Turner. (*see* Rec. Doc. 1). Plaintiffs allege that they were side-swiped by Runnels' commercial vehicle and an unknown third vehicle had to flag down Mr. Runnels because he was unaware that an accident had occurred. In response, Defendants filed a Counterclaim alleging that Plaintiffs had conspired to commit fraud by causing and/or staging the accident at issue and presenting claims for damages, which are similar to claims brought by

1

their family members and associates. (*see* Rec. Doc. 37).

In May of 2018, this Court set a discovery deadline of January 22, 2019 and a March 18, 2019 trial. (*see* Rec. Doc. 9). Following the close of discovery, a Pretrial Conference was held on February 21, 2019 where counsel for Defendants informed the Court that they had been contacted by the FBI and US Attorney's office about alleged staged accidents in New Orleans East. Contrary to Plaintiffs' contention in their Motion to Stay, at no time did counsel for Defendants state that Plaintiffs were currently under investigation. It is now less than two weeks before trial, discovery is complete, and Plaintiffs are only seeking a stay of this lawsuit as a stall tactic to avoid trial.

In fact, counsel for Defendants notified counsel for Plaintiffs of their contact with the FBI two weeks before the Pretrial Conference following a hearing on February 7, 2019. Then when the subject was raised at the Pretrial Conference, counsel for Plaintiffs stated that they would have Plaintiffs sign affidavits acknowledging their 5th Amendment rights so that Plaintiffs could testify at trial. Following the conference, Plaintiffs continued to move this matter toward trial and even deposed a witness. Only now are they seeking a stay and citing a potential criminal investigation as their rationale.

In their motion, Plaintiffs cite to *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962), for the proposition that administrative policy gives precedence to the public interest in law enforcement when parallel civil and criminal proceedings are pending. However, in *Campbell*, that interest was only relevant because the civil plaintiff filed the proceeding against the Internal Revenue Service to obtain discovery that he would not otherwise be entitled to as a criminal defendant, in a case where a criminal proceeding arising from the IRS's investigation of the civil plaintiff was clearly imminent. The present case, in contrast, has no investigative agencies

involved, discovery is now complete, and any separate criminal investigation has had no effect on the discovery previously conducted.  As this Court noted in *Whitfield v. Riley*, 2009 WL 1269243 (E.D. La), the general rule is that parallel civil and criminal proceedings are not objectionable in the absence of substantial prejudice to the rights of the parties involved.  There are no parallel civil and criminal proceedings at issue here, and Plaintiffs have suffered no substantial prejudice to their rights in this case because they have not been prevented from conducting any of the discovery they've sought to conduct.

Plaintiffs' entire basis for this stay request is that counsel for Defendants informed the Court that they were contacted by the FBI and US Attorney's office about alleged staged accidents in New Orleans East. The fact remains that no state or federal investigative agency has attempted to intervene or stay these proceedings.  There is no basis for continuing the March 18, 2019 trial, and therefore Plaintiffs' Motion to Stay should be denied.

        Respectfully submitted,

        PERRIER & LACOSTE, L.L.C.

        */s/ Michael W. Robertson*

        _____
        **GUY D. PERRIER (#20323)**
        **MICHAEL W. ROBERTSON (#31943)**
        One Canal Place
        365 Canal Street, Suite 2550
        New Orleans, Louisiana  70130
        Telephone:  (504) 212-8820
        Facsimile:  (504) 212-7285
        Email:  mrobertson@perrierlacoste.com

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was this day forwarded to:

> Edwin M. Shorty, Jr., Esq.
> Edwin M. Shorty, Jr. & Associates
> 650 Poydras St., Ste. 2515
> New Orleans, LA 70130

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, by email transmission, or via facsimile transmission.

New Orleans, Louisiana, this 9th day of March, 2019.

*/s/ Michael W. Robertson*

**MICHAEL W. ROBERTSON**