UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIMITRI FRAZIER, et al                                        CIVIL ACTION

versus                                                        NO. 18-2340

ROBERT L. RUNNELS, et al                                      SECTION: B/1

On April 8, 2019, the Court granted the "Plaintiffs/Defendants-in-Counterclaims' Ex Parte Motion to Dismiss Claims Against All Named Defendants with Prejudice" (Doc. 103), dismissing with prejudice all claims brought by plaintiffs in the Original Complaint against defendants. (Doc. 107). On April 10, 2019, the Court granted the motion of counsel for plaintiffs/defendants-in-counterclaim Dimitri Frazier, Adonte Turner, and Tiffany Turner, to withdraw. (Doc. 110). These plaintiffs are currently proceeding pro se as their counsel have withdrawn.

On April 30, 2019, the Court entered an order indicating that a telephone conference was held, with counsel for the defendants participating and noting that the pro se plaintiffs failed to call in for the status conference as ordered by the Court. (Doc. 111). The Order specified that "[t]he issue of costs to which the defendants may be entitled in view of the dismissal of plaintiff's claims with prejudice (Rec. Doc. 107) was also discussed at the status conference." (Doc. 111).

The Court ordered the defendants to submit "a written status report concerning their efforts to resolve their remaining counterclaims, or a motion to extend the submission of same" no later than Monday, July 1, 2019, and also instructed the defendants "to inform the Court of any updates on the status of pending and relevant criminal matters." (Doc. 111). The Court

1

further ordered that the case be administratively closed for statistical purposes only without prejudice to being reopened upon the filing of an appropriate motion no later than July 15, 2019 and directed the parties to continue working on the remaining counterclaims and to comply with the above directives. (Doc. 111).

After the Court's April 30, 2019 order was entered, no status report was filed in the record, no judgment has been entered, and no further order has been entered regarding the disposition of the remaining counterclaims. In addition, no order has been entered indicating that costs are to be taxed or extending the time for filing a bill of costs.

On July 10, 2019, a bill of costs, with supporting memorandum and attachments, was filed by defendants Canal Insurance Company, Robert Runnels, and Whitestone Transportation, LLC. (Doc. 115). In the memorandum in support, the defendants cite *Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985), which held that "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case. . . is clearly the prevailing party and should ordinarily be entitled to costs." *Id.* at 130 (*citing Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169-70 (5th Cir. 1980)(because a dismissal with prejudice is an adjudication on the merits for *res judicata* purposes, the defendant is the prevailing party.). *See also Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990). No opposition to the bill of costs was filed by the pro se plaintiffs.

The defendants indicate in their bill of costs that judgment was entered on April 8, 2019, the date the Court granted the plaintiffs/defendants-in-counterclaims' ex parte motion to dismiss all claims against all named defendants with prejudice. (Doc. 107). Rule 54.3 of the Local Civil Rules for the Eastern District of Louisiana states that "[w]ithin 35 days of receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is

rendered and who is allowed costs, must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred." EDLA Local Civil Rule 54.3. The defendants filed their bill of costs on July 10, 2019, 93 days after the entry of the order dismissing with prejudice plaintiffs' claims against all defendants (Doc. 115) and 71 days after the entry of the Court's order directing the defendants to submit a written status report concerning their efforts to resolve their remaining counterclaims or to file a motion to extend submission of the status report. (Doc. 111). The defendants did not file a motion for an extension of time to file its bill of costs and offers no explanation for the late filing of their cost motion.

District courts have not been reluctant to enforce the 35-day time limit for filing cost motions. *See Yousuf v. UHS of De La Ronde, Inc.,* 1999 WL 301701 at *11 (E.D. La. May 10, 1999) (Cost motion filed under EDLA Local Civil Rule 54.3 denied as untimely); *Pilkington N. Am., Inc. v. Smith*, 2014 WL 6633096, at *3 (M.D. La. Nov. 21, 2014) (Motion for costs denied as it was filed long past the 30-day local rule deadline); *Rent-A Center, Inc. v. Barker*, 2009 WL 3230757, at *2 (W.D. La. Sept. 30, 2009) (Motion for costs denied for failure to file and serve an application for costs within the 30-day deadline); *Lagarde v. Metz*, 2017 WL 2371817, at *4 (M.D. La. May 31, 2017) (Plaintiff's bill of costs which was filed after the 30-day deadline was denied because plaintiff's failed to show "excusable neglect.").

If the April 8, 2019 Order is tantamount to a judgment under Rule 54 of the Federal Rules of Civil Procedure, then the defendants' bill of costs is untimely. However, Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or

3

>when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

 F.R.Civ.P. 54(b).

Because no judgment or order on the counterclaims has been entered, the Court has entered orders indicating that all counterclaims must be adjudicated and requiring counsel to provide a status report concerning the remaining counterclaims, and the Court has not expressly determined that there is no just reason for delay in entering the judgment and the April 8, 2019 Order is a final judgment, the defendants' bill of costs is premature.

Accordingly, the motion of defendants Canal Insurance Company, Robert Runnels, and Whitestone Transportation, LLC, for costs and their bill of costs is **DENIED** as premature, with right to renew following entry of a final judgment or order in the case adjudicating all claims.

New Orleans, Louisiana, this 4th day of September, 2019.

_____
CAROL L. MICHEL, Chief Deputy Clerk
On behalf of WILLIAM W. BLEVINS, Clerk of Court

4