UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DMITRI FRAZIER, et al						CIVIL ACTION

versus								No. 18-2340

ROBERT L. RUNNELS, et al					SECTION: B/1

      This matter is before the Clerk for taxation of costs under Federal Rule of Civil Procedure 54(d).  Defendants Canal Insurance Company, Robert Runnels, and Whitestone Transportation filed a second motion for costs, seeking to tax costs against plaintiffs Dimitri Frazier, Tiffany Turner, and Adonte Turner.  (Doc. 115).   The certificate of service on the defendants' motion to tax costs states that "the foregoing pleading has been delivered to all counsel of record, either through electronic mail, the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission.  (Doc. 115, p. 2).  Counsel for defendant declared on the Bill of Costs form that a copy of the bill was served on all parties in the following manner:  "Emailed to Plaintiff's former counsel because Plaintiffs 'no longer have fixed addresses.'"  (Doc. 115-2).

      Plaintiffs' counsel filed an ex parte unopposed motion to withdraw as counsel of record indicating therein that plaintiffs' counsel had contacted counsel for defendants "who voiced no opposition to the instant motion." (Doc. 109).  In the affidavit attached to the motion, lead attorney for the plaintiffs indicated that service of the motion could not be accomplished on plaintiffs Tiffany Turner, Adonte Turner, or Dimitri Frazier as they no longer had fixed or

1

permanent domiciles or addresses. Lead counsel provided the last known addresses that he had for the plaintiffs. (Doc. 109-3).

The court granted the motion of plaintiffs' counsel to withdraw as counsel of record for the plaintiffs and plaintiffs Dmitri Frazier, Adonte Turner, and Tiffany Turner are listed on the docket sheet as proceeding in proper person.

Defendants indicate that they are prevailing parties seek to tax costs against these three pro se plaintiffs as losing parties under Federal Rule of Civil Procedure 54(d). There is no proof of service pursuant to Rule 5 of the Federal Rules of Civil Procedure of this Bill of Costs against these pro se plaintiffs. An email to their former attorneys, who by court order were allowed to withdraw from representing them before the Bill of Costs was filed, does not establish service under Rule 5.

Accordingly, the Bill of Costs is denied without prejudice to refile upon satisfactory proof of service being filed in the record.

New Orleans, Louisiana, this   21st   day of May, 2020.

                                                  **CAROL L. MICHEL**
                                                  Clerk of Court